UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MAHLI GRAY,
          Petitioner
      vs.                               CIVIL NO. 1:CV-15-1759

CAPT S. SPAULDING,            (Judge Caldwell)
          Respondent

*M E M O R A N D U M*

I. *Introduction*

Mahli Gray, a federal inmate, when he was housed at Allenwood Federal Correctional Complex, in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The petition asserts that his sentence was improperly enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), relying on *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). *Johnson* was made retroactive to cases on collateral review by *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). Also pending before the Court is Gray's motion to amend his Petition.

For the reasons set forth below, the Petition will be dismissed without prejudice for lack of jurisdiction, and the motion to amend will be dismissed as moot.

II. *Relevant Law*

As a general rule, a federal prisoner may challenge his conviction or sentence only by means of a motion under 28 U.S.C. § 2255 brought before the sentencing court,

---

[1] Gray is presently housed at USP-Lee, in Pennington Gap, Virginia.

and this remedy typically supersedes the writ of habeas corpus.  *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).  Prisoners who have already filed a § 2255 motion, may file a "second or successive motion" provided that "a panel of the appropriate court of appeals" has certified that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

Thus, with limited exceptions, a habeas petition challenging a federal prisoner's conviction or sentence pursuant to 28 U.S.C. § 2241 may not be entertained unless a § 2255 motion would be "inadequate or ineffective" to test the legality of the petitioner's detention.  *See* 28 U.S.C. § 2255(e); *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017).  In considering what it means to be "inadequate or ineffective," the Third Circuit has stated that a federal prisoner should be permitted to seek relief under § 2241 "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).  Such situations are rare.  The Third Circuit has applied this "safety valve" only where a prisoner is in the unusual position of having no earlier opportunity to

challenge his conviction or "is being detained on conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." *See Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle,* 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). Section 2255(e), the safety-valve clause, "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539.

III  *Background*

On July 29, 2010, a jury in the United States District Court for the Eastern District of Pennsylvania convicted Gray of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e).[2] Gray had three convictions that qualified him for an enhanced sentence under the ACCA. (ECF No. 1, Pet.). On May 25, 2011, he was sentenced as an armed career criminal to a term of 210 months' imprisonment followed by five years of supervised release. *See* ECF No. 6-1, pp. 3 - 8. On January 24, 2013, the Third Circuit summarily affirmed Gray's conviction. (ECF No. 1, p. 2).

---

[2] The Court takes judicial notice of the docket in Gray's criminal proceeding. *See United States v. Gray*, No. 09-CR-00150 (E.D. Pa.) which is viewable via the federal Judiciary's Public Access to the Court Electronic Records (PACER) Service at https://www.pacer.gov.

On February 11, 2014, Gray filed with the sentencing court a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. That motion was denied on December 19, 2014. *See United States v. Gray*, No. 09-CR-150-1, 2014 WL 7271247 (E.D. Pa. Dec. 19, 2014). On September 11, 2015, the Third Circuit denied Gray's request for a certificate of appealability. (ECF No. 6-1, p. 11).

On April 29, 2016, Gray, with the assistance of counsel, filed with the Third Circuit an application pursuant to 28 U.S.C. § 2244 and § 2255 to file a second or successive motion under 28 U.S.C. § 2255 based on the Supreme Court's decisions in *Welch* and *Johnson*. On June 29, 2016, the Third Circuit granted the application, *In re: Mahli Gray*, C.A. No. 16-2068 (3d Cir. June 29, 2016), and directed that Gray's successive 2255 motion be transferred to the United States District Court for the Eastern District of Pennsylvania. Gray subsequently filed a second motion in the Eastern District pursuant to 28 U.S.C. § 2255, seeking relief under *Johnson*, *supra*, and *United States v. Mathis*, ___ U.S. ___, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). *See United States v. Gray*, No. 09-CR-0150 (E.D. Pa.) (ECF No. 95). On May 5, 2017, the Government filed a response to Gray's motion. *Id.*, ECF No. 99. The motion is pending in the Eastern District.

IV. *Discussion*

It is clear that Gray is challenging the validity of his May 25, 2011, sentence imposed by the Eastern District of Pennsylvania. Thus, he must raise such a challenge I the sentencing court under 28 U.S.C. § 2255 unless he demonstrates that the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e).

-4-

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Rather, Gray's claim is focused on the alleged impropriety of his sentence, not the offense for which he was convicted. We therefore lack jurisdiction to consider his petition. *See Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014)(nonprecedential)("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241.") . *Welch* made *Johnson* retroactive to cases on collateral review, but as noted by the Third Circuit, "§ 2241 is not available for an intervening change in the sentencing laws." *Pearson v. Warden Canaan USP*, ___ F. App'x ___, ___, 2017 WL 1363873, at *2 (3d Cir. 2017)(nonprecedential)(citing *Okereke*, 307 F.3d at 120-21).

As Gray has successfully obtained permission to file a second or successive § 2255 motion raising a *Johnson* claim, which is currently before the sentencing court, we need not consider transferring the petition to the Third Circuit to be treated as an application to file a second or successive 2255 motion. We will instead simply dismiss the petition.

We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: June 6, 2017